**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RONALD EUGENE TAYLOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRECTOR OFFICE OF INFORMATION )<br>POLICY, )<br>)<br>Defendant. ) | Case No. 4:20-cv-308-DDN |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Ronald Eugene Taylor, an inmate at the Farmington Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $144.12. Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his certified inmate account statement. (ECF No. 3).  A review of plaintiff's account indicates an average monthly deposit of $158.50 and an average monthly balance of $720.62.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $144.12, which is 20 percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed this action on a prisoner civil rights complaint form under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff names the Director of the Office of Information Policy ("OIP") as the sole defendant. He does not identify the OIP Director by name but does state that he brings his claim against the Director in his or her official capacity.

Plaintiff states that in May 2019 he filed a Freedom of Information Act ("FOIA") request with the Department of Justice ("DOJ") and received an answer on June 18, 2019. Plaintiff states he subsequently submitted "a series of responses an[d] appeals . . . in an effort to ac[c]ess the information." Plaintiff states that the information he requested "shows the case happen due to [his] name being added to Triple Threats circa 1997 Sept – 1998 March." It is not clear from the complaint if plaintiff is referring to his underlying criminal case.

Plaintiff further states that he "plan[s] on approaching the Court with the words of Judge Woods, Federal Judge, Detroit, Mich[igan]" who allegedly told him: "if they don't help you let me know, I'll give you an agreement 'they' can't live with." Plaintiff states that he would like to "show the court who 'they' are;" "show by statement" the problems with the Department of Defense, the DOJ, and the State of Missouri; and "gain leverage in ending [his] situation."

Plaintiff describes his injuries as body pain, constipation, inability to defecate, swelling of limbs and feet, discoloration of feet and ankles, inability to breathe, open sores, allergic reactions, and stress and anxiety from the DOJ's failure to comply with the FOIA. Plaintiff seeks $1,000,000, all the records he requested from the DOJ, and for this Court to honor the "agreement" he allegedly had with Judge Woods.

Attached to plaintiff's complaint is a letter, dated December 20, 2019, which he purportedly sent to the Director of the OIP. In this letter plaintiff described the information sought pursuant to the FOIA:

> Court Records from Federal Court, Detriot [sic] Mich. Court Room of Judge Woods where, I, Ronald Eugene Taylor and Allison Michell Taylor, Case Worker FCI Milan Mo. Dept. of Justice Bureau of Prisons took Dept. of Justice Bureau of Prisons to Federal Court thru the National Federation of Federal Employees, the BOP Workers Union. May 90, before. Also an agreement that came out of that process a form of mandate prohibiting bringing any harm or allowing any harm to come to myself of family which bound any who gave or receive any info to or from Dept. of Justice as Agents of Dept of Justice. Records are May 90 or before.
>
> And Records from Federal Program operated in the state of Missouri Sept. 97 - March 98 6, 1998 9 [sic]. Specifically[,] a list of names with my name included as handled by Howell Co. Sheriff's Dept., West Plains, Mo. The program was under Triple Threat a domestic terrorism sweep, targeting Free Men and Free Radicals of which I am neither.

(ECF No. 1-3 at 9).

Also attached to the complaint is a response letter from the DOJ, which states:

> A proper Freedom of Information Act request for records must reasonably describe the records sought. See 5 U.S.C. § 552(a)(3)(A). Your request does not adequately describe a BOP record with enough details to allow us to conduct a search. Our office was not able to locate any previous FOIA requests submitted to the BOP. Please resubmit with more details.

(ECF No. 1-3 at 13).

On April 30, 2020, plaintiff filed a letter with the Court, dated April 17, 2020, which he received from the DOJ regarding his FOIA request. (ECF No. 8-1). The letter affirmed the Federal Bureau of Prisons decision not to release the requested information, advising plaintiff that a "proper FOIA request for records must reasonably describe the records sought" and informed him that he "failed to provide sufficient information that would enable [the] BOP to conduct a search and locate potentially responsive records with a reasonable amount of effort."

## Discussion

Plaintiff filed this action on a prisoner civil rights complaint form for bringing claims under 42 U.S.C. § 1983. A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of *state* law. *West v. Atkins*, 487 U.S. 42, 48 (1988). No claim lies under § 1983 when the actions are taken under color of federal law. Section 1983 applies only to persons acting under "color of state or territorial law;" it "does not authorize redress against federal agencies or officials who were acting under federal law." *See Little Earth of United Tribes, Inc. v. U.S. Dept. of*

5

*Housing & Urban Dev.*, 584 F. Supp. 1292, 1298 (D. Minn. 1983) (citing *Williams v. Rogers,* 449 F.2d 513, 517 (8th Cir. 1971)). *See also Mullen v. United States*, 1992 WL 125339, at *2 (8th Cir. 1992) (unpublished) (holding plaintiff failed to state § 1983 claim against federal prosecutor because statute "is inapplicable to persons acting under color of federal law") (citation omitted). Thus, plaintiff has failed to state a claim pursuant to § 1983 because the Director of the OIP is a federal official and the OIP is a federal agency.

To the extent plaintiff intended to bring this action under the FOIA, his claim against the Director of the OIP fails to state a claim upon which relief may be granted. The FOIA authorizes suit against federal agencies only. *See* 5 U.S.C. § 552(a). "The FOIA does not create a cause of action against individual federal agency employees." *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citation omitted)). Because the Director of the OIP is a federal agency employee, he or she cannot be held liable pursuant to the FOIA.

To the extent plaintiff's complaint can be understood to bring his claims against the OIP itself and not its Director, plaintiff's claim also fails. Federal court jurisdiction under the FOIA "is dependent upon a showing that an agency has (1) '*improperly*;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980) (citing 5 U.S.C. § 552(a)(4)(B)) (emphasis added). A proper FOIA request is one that reasonably describes the records sought and is made in accordance with applicable agency regulations. *See* 5 U.S.C. § 552(a)(3)(A); *see also Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 27-28 (D.D.C. 2000) (concluding that agency need not search for records where the FOIA request did not "reasonably describe the records sought," was "unreasonably broad and impose[d] an

unreasonable burden" on the agency, and where the requester "fail[ed] to state its request with sufficient particularity [and] declined the [agency's] repeated attempts clarify the request").

Here, the documents attached to plaintiff's complaint and filed as a supplement to his complaint contradict his allegations of any improper refusal by the OIP to provide him with any requested documents. To the contrary, the DOJ has appropriately and repeatedly advised plaintiff that he must comply with agency regulations and submit a request that would enable the agency to conduct a search and locate potentially responsive records. The Court cannot find that that the OIP improperly withheld records as it is clear from his complaint that his requests for documents were largely incoherent and overbroad.

Moreover, "[a]n action for money damages against an agency or its personnel is not provided for in the [FOIA] statute. Because of the statute's comprehensive list of remedies for violation of its provisions, and because of the conspicuous absence of a provision granting individuals an action for money damages, . . . Congress did not intend to provide such a private right of action." *Daniels v. St. Louis VA Reg'l Office*, 561 F. Supp. 250, 251 (E.D. Mo. 1983). The remedy under the FOIA is limited to "enjoin[ing] the agency from withholding agency records and to order[ing] the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, even if plaintiff's complaint stated a sufficient claim under the FOIA, plaintiff would not be entitled to money damages.

Lastly, plaintiff's allegations regarding Judge Woods are nonsensical and fail to state a claim or cause of action under § 1983, the FOIA, or any other constitutional or federal law. As such, any claim that plaintiff intends to bring in relation to Judge Woods will be dismissed as legally frivolous.

7

As a result, the complaint will be dismissed, without prejudice, as legally frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 4). The motion will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $144.12 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of July, 2020.

                                                          E. RICHARD WEBBER
                                                        UNITED STATES DISTRICT JUDGE